IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORAL GROUP, INC. and  SENTIS GROUP, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:10-cv-0125-DGK |
| EQUILON ENTERPRISES LLC d/b/a  SHELL OIL PRODUCTS US, | ) ) ) | |
| Defendant. | ) | |

**ORDER LIFTING STAY, RULING ON PENDING ORDERS**

This lawsuit arises from the parties' failed business relationship. Following an entry of sanctions in a related lawsuit between the parties that is also before this Court, *Sentis Group, Inc. v. Shell Oil Company*, 4:05-cv-00633-DGK ("the initial litigation"), Defendant[1] drew $240,000 from certain irrevocable bank letters of credit ("IBLOCs") the parties' contract required Plaintiffs to maintain. Plaintiffs allege Defendant unlawfully seized the money while sanctions in the initial litigation were under appeal. Defendant argues it was entitled to draw the money as reimbursement for its reasonable attorneys' fees and costs in the initial litigation.

The Court stayed proceedings in this case while it considered a new motion for sanctions in the initial litigation. The Court has now ruled on that motion and so lifts the stay in this case.

Pending before the Court is Defendant's Motion to Consolidate Related Cases (Doc. 38), Defendant's Motion for Protective Order (Doc. 42), Plaintiffs' Motion for Summary Judgment (Doc. 50), and Plaintiffs' Motion for a Limited Pretrial Consolidation of Cases (Doc. 56). Because the Court has dismissed the 4:05-cv-00633 case, Defendant's Motion to Consolidate

---

[1] Shell Oil Company is a defendant in the initial litigation, but is no longer a defendant in this case. Equilon Enterprises LLC is now the only Defendant in this case.

Related Case (Doc. 38) and Plaintiffs' Motion for a Limited Pretrial Consolidation of Cases (Doc. 56) are DENIED AS MOOT. Furthermore, because dismissal of the initial litigation likely materially alters the parties' summary judgment analysis in this case, Plaintiff's Motion for Summary Judgment (Doc. 50) is DENIED WITHOUT PREJUDICE.

Finally, Defendant's Motion for Protective Order (doc. 42) is GRANTED. Neither party may propound discovery in this case until a scheduling order is entered.

**IT IS SO ORDERED.**

DATE: September 30, 2012                /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT